IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA MEICHER,

                     Plaintiff,

  v.

ASSET RECOVERY SPECIALISTS, INC., GREG
STRANDLIE, and WELLS FARGO BANK NA d/b/a
WELLS FARGO DEALER SERVICES,

                     Defendants.

OPINION and ORDER

17-cv-888-jdp

---

This case arises out of a debt that plaintiff Melissa Meicher owed defendant Wells Fargo Bank for a car loan. Meicher contends that defendant Asset Recovery Specialists, Inc. and its owner, defendant Greg Strandlie, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)(A), by repossessing her car when they did not have a right to do so and then refusing to return it immediately when she made a payment to Wells Fargo. Meicher also raises several related state-law claims against all of the defendants.

Defendants have moved for summary judgment on Meicher's claims under the FDCPA and they ask the court to decline to exercise supplemental jurisdiction over Meicher's state law claims. Dkt. 25. The court concludes that Meicher has failed to meet her burden to create a genuine issue of material fact as to her claims under the FDCPA, so the court will grant defendants' summary judgment motion as to those claims. Fed. R. Civ. P. 56(a). And Meicher does not identify a reason for the court to retain jurisdiction over her state law claims, so the court will dismiss those in accordance with 28 U.S.C. § 1367(c)(3).

ANALYSIS

Meicher contends that defendants Asset Recovery and Strandlie violated her rights under the FDCPA in two ways: (1) they repossessed her car (at the direction of Wells Fargo) after Wells Fargo verbally agreed not to do so if she made a payment; and (2) they waited a day before releasing her car after she paid Wells Fargo a "redemption fee." Meicher is not bringing a federal claim against Wells Fargo. Because it is not necessary to differentiate between Asset Recovery and Strandlie for the purpose of this opinion, the court will refer to them collectively as "Asset Recovery."

Meicher relies on § 1692f(6)(A) for both of her FDCPA claims. That provision prohibits a "debt collector" from "[t]aking . . . any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." For the purpose of defendants' motion for summary judgment, Asset Recovery does not deny that it qualifies as a debt collector under the FDCPA or that both actions challenged by Meicher qualify as "nonjudicial action to effect dispossession or disablement of property." But Asset Recovery says says that it had the right (through Wells Fargo's security interest) to repossess and retain the vehicle as long as it did. Alternatively, it contends that it was entitled to rely on Wells Fargo's representation that it had such authority. Because Meicher has failed to create a genuine issue of material fact as to the first contention, the court need not consider the second.

As to Meicher's claim that Asset Recovery did not have the right to repossess the vehicle in the first instance, the following facts are undisputed: (1) Meicher was in default on her loan at the time Asset Recovery repossessed Meicher's car, Dkt. 41, ¶ 17; (2) Meicher's loan agreement gave Wells Fargo a security interest in her car, *id.*, ¶ 5; (3) Wells Fargo sent notice

2

of the default to Meicher and the notice informed Meicher that if she did not pay the past due amount ($706.09), the entire balance would become due and Wells Fargo could take possession of her car without further notice, *id.*, ¶¶ 20 and 22.[1]

In her complaint, Meicher alleged that she spoke to a Wells Fargo representative over the phone and the representative told her that Wells Fargo "won't repossess [Meicher's] car" if she made "one month's regular payment," so Wells Fargo lost the right to repossess the car when soon after Meicher made a regular payment of $212.03. Dkt. 1, ¶¶ 12–14. But the court need not decide whether the alleged conversation would alter the parties' rights under the security agreement because Meicher does not cite any evidence in her summary judgment materials that anyone from Wells Fargo made such a representation to her.

In her proposed findings of fact, Meicher says: "On January 23, 2017, Meicher contacted Wells Fargo to discuss the past-due status of her loan. She spoke with a Wells Fargo representative about the amount she needed to pay to bring the account current." Dkt. 48, ¶ 8. But she doesn't propose any facts or cite any evidence about the amount that Wells Fargo told her to pay.[2] Because she admits that she made only one monthly payment of $212.03 and not the entire amount past due, that omission is fatal to her claim. Although defendants do not

---

[1] In her deposition, Meicher stated, "I don't recall getting the [default notice]," in response to a question whether she disputed that Wells Fargo sent the notice to her. Dkt. 29 (Meicher Dep. 132:8–13). But Meicher does not challenge Asset Recovery's right to repossess her car on the ground that she didn't receive notice of the default, so the court need not consider that question.

[2] Meicher was deposed, but she doesn't cite any of her own testimony about the content of the conversation. The passages of the deposition that Asset Recovery cites suggest that Meicher simply doesn't remember. *E.g.,* Dkt. 29 (Meicher Dep. 115:7–13) ("Q: You never specifically asked anyone at Wells Fargo, so I have to make one payment, and then they won't repossess my car; you never asked them that, did you? A: On what date? Q: Any date A: I guess I'm not sure."). Neither side says whether the conversation was recorded.

present evidence on this question either, it is Meicher's burden to prove her claim, not defendants' burden to disprove it. *Shields v. Dart*, 664 F.3d 178, 182 (7th Cir. 2011). *See also Metzl v. Leininger*, 57 F.3d 618, 622 (7th Cir. 1995) ("When there is no evidence concerning a critical fact, . . . the allocation of the burden of production of evidence becomes critical.").

Without evidence that Wells Fargo agreed to modify their agreement, the undisputed evidence shows that Meicher was still in default and Asset Recovery had the right to repossess her car on Wells Fargo's behalf, even if Meicher paid part of the amount past due. So the court will grant summary judgment to defendants on this claim.[3]

As to Meicher's other claim under the FDCPA, Meicher says that Asset Recovery violated § 1692f(6)(A) because it did not release her car immediately after she paid Wells Fargo what the parties call a "redemption fee." Instead, when Meicher refused to sign a document called "release request," Asset Recovery waited to get approval from Wells Fargo to release the car to Meicher, which occurred the following day.

Defendants raise a threshold objection to this claim on the ground that Meicher didn't plead it. And it's true that Meicher didn't identify these allegations as one of the "causes of action" that she enumerated at the end of her complaint. But defendants cite no authority that Meicher was required to do that. Meicher did include allegations in the body of her complaint about Asset Recovery refusing to return her vehicle immediately after she paid the redemption fee. Dkt. 1, ¶¶ 19–26. Asset Recovery's objection seems to be that Meicher did not connect those allegations to a legal theory under the FDCPA. But a plaintiff is not required to include

---

[3] In their reply brief, defendants say that the security agreement includes a provision that prohibits oral modifications of the agreement. Dkt. 50, at 16. Because the court is dismissing the claim on other grounds, the court need not decide whether that provision would foreclose this claim.

4

legal theories in her complaint, *Frank v. Walker*, 819 F.3d 384, 387–88 (7th Cir. 2016), so that is not a basis for dismissing this claim. *See also Ridings v. Riverside Medical Center*, 537 F.3d 755, 764 (7th Cir. 2008) (complaint gives notice if it "specifie[s] the wrong done" even if it doesn't identify the legal theory that the plaintiff relies on later).

The parties also debate the meaning of the "release request" and whether it was permitted under the Wisconsin Consumer Act. But the court need not resolve that question. Even if the court assumes that the release request was invalid, Meicher has failed to create a genuine issue of material fact as to the question whether Asset Recovery had "no present right to possession of the property" under § 1692f(6)(A).

I understand Meicher's theory to be that Asset Recovery lost its right to keep her car because she paid the amount that a Wells Fargo representative told her over the phone to pay to get her car back. But it is undisputed that Meicher's entire balance became "immediately payable without . . . right to cure" when she went into default. Dkt. 27-2. Meicher does not allege that she paid off her entire balance.

Meicher's position seems to be that the Wells Fargo representative amended the agreement. She cites the deposition of Monique Griffin, an account resolution manager for Wells Fargo.[4] Griffin did not say that she spoke to Meicher personally, but Griffin testified that Meicher paid "the amount to bring the account current." Dkt. 40 (Griffin Dep. 13:6–15).

---

[4] Meicher actually cites the "Green Depo." in her proposed findings of fact, but the court understands Meicher to mean "Griffin" because the record does not include the deposition of anyone named Green and Griffin's deposition seems to address the issues raised in Meicher's proposed findings of fact. Meicher also cites her own deposition, but the cited testimony is simply that she said "yes" in response to a question whether someone from Wells Fargo told her over the phone "what would be needed in order for [her] to redeem or get [her] car back." Dkt. 29 (Meicher Dep. 47:5–8). She does not actually explain what Wells Fargo told her.

Griffin also answered "no" when counsel asked her whether there were "any other conditions that [Meicher] had to meet before the car could be released." *Id.* at 13:20–23. At the most, that testimony shows that Wells Fargo has a practice of releasing cars to debtors when they pay past-due amounts. It does not show that Wells Fargo actually promised to return Meicher's vehicle *immediately* in exchange for a payment. Because Meicher has not adduced evidence that Asset Recovery violated the FDCPA by keeping her car for another day, this claim fails as well.

This leaves Meicher's state-law claims. Meicher relies solely on 28 U.S.C. § 1367 to support an exercise of jurisdiction over those claims. Dkt. 1, ¶ 5. Under these circumstances, the general rule is that federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). Defendants ask the court to dismiss Meicher's claims under § 1367(c)(3) and Meicher does not respond to that request, so the court sees no reason to depart from the general rule. The court will dismiss Meicher's state law claims without prejudice to her refiling them in state court.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Assert Recovery Specialists, Inc, Greg Strandlie, and Wells Fargo Bank NA d/b/a Wells Fargo Dealer Services, Dkt. 25, is GRANTED. Melissa Meicher's federal claims are DISMISSED with

prejudice. Meicher's state law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3). The clerk of court is directed to enter judgment accordingly.

Entered January 2, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge